UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

JESUS ROGELIO MEZA-RODRIGUES,
a/k/a Jose Manuel Cano,
MARDONIO MEZA-NUNEZ, and
ROBERTO QUINTANA RAMIREZ,
a/k/a Gilberto Ramirez,

        Defendants.
                                                  /

File No. 1:06-CR-171

HON. ROBERT HOLMES BELL

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Government's motion to compel production of hand prints of each defendant. On July 18, 2006, the grand jury returned an indictment charging Defendants with being illegal aliens in possession of firearms in violation of 18 U.S.C. § 922(g)(5)(A). Defendant Roberto Quintana Ramirez was also charged with being a felon in possession of firearms in violation of 18 U.S.C. § 922(g)(1). The Government seeks an order compelling Defendants to provide hand prints for comparison purposes in order to prepare for trial.

The compulsory production of Defendants' hand prints in this case does not implicate either the Fourth or Fifth Amendment of the Constitution. *United States v. Dionisio*, 410 U.S. 1 (1973) (holding that compelled production of the voice exemplar of a grand jury

witness did not violate the Fourth or Fifth Amendment); *United States v. Mara*, 410 U.S. 19, 21-22 (1973) (holding that Fourth Amendment not violated by compelling witness to provide handwriting specimen and noting that Fourth Amendment is not violated by the compelled production of "physical characteristics that are constantly exposed to the public.") (quotation marks omitted); *Schmerber v. California*, 384 U.S. 764 (1966) ("[B]oth federal and state courts have usually held that [the privilege against self incrimination] offers no protection against compulsion to submit to fingerprinting, photographing, or measurements . . . . The distinction which has emerged, often expressed in different ways, is that the privilege is a bar against compelling 'communications' or 'testimony,' but that compulsion which makes a suspect or accused the source of 'real or physical evidence' does not violate it."); *United States v. Pipito*, 861 F.2d 1006, 1009 (7th Cir. 1987) (noting that forced taking of Defendant's palm print was not a deprivation of either his Fifth Amendment or Fourth Amendment rights); *In re Grand Jury Proceedings (Mills)*, 686 F.2d 135, 139 (3d Cir. 1982) (holding that a hair sample is closely akin to such physical characteristics as voice and fingerprints which are on public display, and therefore fall outside the protection of the Fourth Amendment).  Because Defendants constitutional rights are not implicated and because hand print exemplars are necessary to prepare for trial, Defendants must provide a hand print exemplar to the Government.  Accordingly,

    **IT IS HEREBY ORDERED** that the Government's motion to compel production of hand prints (Docket #31) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants must provide hand print exemplars to United States Immigration and Customs Enforcement agents.


Date:     August 21, 2006          /s/ Robert Holmes Bell
                                   ROBERT HOLMES BELL
                                   CHIEF UNITED STATES DISTRICT JUDGE